UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-20346-JEM

UNITED STATES OF AMERICA

vs.

MARCOS TOMAS PEREZ,

    Defendant.
_____/

## FACTUAL PROFFER

The United States of America and the Defendant, MARCOS TOMAS PEREZ ("PEREZ" or "The Defendant"), through counsel, hereby stipulate and agree that had this case proceeded to trial, the following facts, among others, would have been proved beyond a reasonable doubt:

PEREZ began working for the Miami Heat's security department in December 2016 and held that position through October 2021. He later began working with the National Basketball Association in a similar security capacity with similar access to the arena.

In his role with the Miami Heat, Perez was one of the employees who had access to a physical key that unlocked an equipment room within the Heat arena. Inside this equipment room, the Miami Heat organization stored valuable memorabilia, including numerous game-worn jerseys intended for a future Miami Heat Museum. During his employment PEREZ accessed this room several times and stole over 400 game-worn jerseys and other memorabilia from the equipment room.

In July 2021, PEREZ accessed the room while accompanying a coworker on team-authorized activity. At that time, he sent a text message to a friend stating, "I have hit the lotto let me send you photos" followed by, "I found the game used storage Warehouse in the arena." From

this day forward, PEREZ accessed the jerseys and memorabilia by waiting until he was working a shift, telling a coworker that he had to use the bathroom or inventing another excuse to vacate his post, and then entering the main command center where the physical keyring for the room was located. PEREZ would take the key, open the equipment room, leave the door propped open, and then return the key to the command center. Toward the end of his shift, or after an event had ended and the arena shut down, PEREZ would return to the equipment room he had left open and steal several items of Miami Heat memorabilia on each occasion.

Initially, PEREZ utilized a third-party liaison to broker deals with high-level memorabilia collectors, split the profits with the third-party liaison. Later, PEREZ used the corporate entity he had established, South Florida Signature Authenticators Incorporated, to sell more than 400 stolen items. He maintained a bank account and email address for the corporate entity and used the bank account and PayPal for monetary transactions. He also utilized OfferUp, eBay, Instagram and iCloud as storefront platforms where he advertised the merchandise and negotiated with potential buyers.

Over a three-and-a-half-year period, PEREZ sold over 100 stolen items for approximately $1.9 million, shipping them across state lines. Some items were sold for less than one-quarter of their market value. Notably, PEREZ sold one specific Miami Heat NBA Finals stolen game-worn Lebron James jersey for approximately $100,000, which later resold at Sotheby's auction for $3.7 million.

On April 3, 2025, law enforcement executed a search warrant on PEREZ's home and seized nearly 300 remaining stolen game-worn jerseys and other memorabilia. The Miami Heat identified these items as items stolen from their facility. Included in the other stolen memorabilia were several NBA players' sneakers.

The parties agree that these facts, which do not include all facts known to the government and the Defendant, are sufficient to prove that the Defendant transported, transmitted, and transferred goods, wares, and merchandise, valued at $5,000 or more, that is, Miami Heat game worn jerseys and other Miami Heat paraphernalia taken from the Kaseya Center in Miami, Florida, in interstate or foreign commerce, knowing the same to have been stolen, unlawfully converted, and taken by fraud, in violation of Title 18, United States Code, Section 2314.

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

Date: 8/19/25   By: _____
ROBERT F. MOORE
ASSISTANT UNITED STATES ATTORNEY

Date: 8/19/25   By: _____
ROBERT BUSCHEL
ATTORNEY FOR THE DEFENDANT

Date: 8/19/25   By: _____
MARCOS TOMAS PEREZ
DEFENDANT